UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILSON "COREY" TOLLETT

VERSUS                                          CIVIL ACTION NO. _____

COOPER MANAGEMENT SERVICES, INC.;
COOPER CONSOLIDATED, LLC;
COOPER/T. SMITH CORPORATION;
COOPER/T. SMITH MOORING CO., INC.;
COOPER/T. SMITH STEVEDORING COMPANY, INC.;
AND PLIMSOLL MARINE, INC.

**COMPLAINT IN ADMIRALTY**

The complaint of plaintiff, WILSON "COREY" TOLLETT, a person of legal age and a citizen of the State of Louisiana, respectfully represents:

**JURISDICTION AND VENUE**

**1.**   This civil case is brought under the Jones Act, 46 U.S.C. § 688, and the General Maritime Law of the United States.

**2.**   This is a civil case of admiralty and maritime jurisdiction.

**3.**   Plaintiff designates this as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**4.**   This is the judicial district in which the cause of action arose.

## PARTIES

5. Plaintiff, WILSON "COREY" TOLLETT, is a person of legal age and is a citizen of the State of Louisiana. Plaintiff resides within this judicial district in Ascension Parish, Louisiana.

6. Made defendants herein are the following (hereinafter referred to collectively as the "COOPER DEFENDANTS"):

   a. COOPER MANAGEMENT SERVICES, INC., a foreign corporation with its principal business establishment in Louisiana at 8550 United Plaza Blvd., Baton Rouge, East Baton Rouge Parish, State of Louisiana;

   b. COOPER CONSOLIDATED, LLC, a domestic limited liability company registered with the State of Louisiana, and with its principal office address at 5615 Corporate Blvd., Suite 400B, Baton Rouge, East Baton Rouge Parish, State of Louisiana;

   c. COOPER/T. SMITH CORPORATION, a foreign corporation with its principal business establishment in Louisiana at 8550 United Plaza Blvd., Baton Rouge, East Baton Rouge Parish, State of Louisiana;

   d. COOPER/T. SMITH MOORING CO., INC., a domestic corporation with its principal office address at 1240 Patterson Street, New Orleans, Orleans Parish, State of Louisiana;

   e. COOPER/T. SMITH STEVEDORING COMPANY, INC., a domestic corporation with its principal office address at 8550 United Plaza Blvd., Baton Rouge, East Baton Rouge Parish, State of Louisiana; and

   f. PLIMSOLL MARINE, INC., a domestic corporation with its principal office address at 8550 United Plaza Blvd., Baton Rouge, East Baton Rouge Parish, State of Louisiana.

## STATEMENT OF CLAIM

7. The incident and injuries sued on occurred on or about April 24, 2021, at approximately 5:00 p.m., upon the navigable waters of the United States of America, namely the Mississippi River in Ascension Parish, State of Louisiana.

8. At all pertinent times herein, one or more of the COOPER DEFENDANTS were the employer or employer *pro hac vice*, and/or vessel owner or vessel owner *pro hac vice*, in relation to plaintiff, within the meaning of the Jones Act, 46 U.S.C. §688, and the General Maritime Law of the United States of America.

9. At all pertinent times herein, plaintiff was employed by one or more of the COOPER DEFENDANTS, including specifically COOPER MANAGEMENT SERVICES, INC. and/or PLIMSOLL MARINE, INC., in the capacity of a seaman and as a member of the crew of the M/V VIRGINIA, a vessel in navigation upon the navigable waters of the United States of America, namely the Mississippi River in Ascension Parish, State of Louisiana.

10. At all pertinent times herein, one or more of the COOPER DEFENDANTS, including specifically PLIMSOLL MARINE, INC., were the owners, operators, lessors, charterers, sub-charterers, maintainers, managers, controllers and/or owners *pro hac vice* of the M/V VIRGINIA and used and employed said vessel on the navigable waters of the United States of America.

11. At all pertinent times herein, the AMERICA was a floating grain elevator vessel in navigation upon the navigable waters of the United States of America, namely the Mississippi River in Ascension Parish, State of Louisiana.

12. At all pertinent times herein, one or more of the COOPER DEFENDANTS, including specifically COOPER/T. SMITH STEVEDORING COMPANY, INC., were the owners, operators,

lessors, charterers, sub-charterers, maintainers, managers, controllers and/or owners *pro hac vice* of the AMERICA and used and employed said vessel on the navigable waters of the United States.

13. On or about April 24, 2021, plaintiff was aboard the loaded ING 4805 cross-cable grain barge, being pushed by the M/V VIRGINIA, acting within the course and scope of his employment, in the service of his employer, and in furtherance of the mission of the vessel, M/V VIRGINIA, when he was severely injured while attaching mooring lines from the AMERICA to the ING 4805 as directed.

14. At the time of the incident, the Captain of the M/V VIRGINIA, Guy Waite, was aboard the M/V VIRGINIA acting within the course and scope of his employment for one or more of the COOPER DEFENDANTS, including specifically COOPER MANAGEMENT SERVICES, INC. and/or PLIMSOLL MARINE, INC., rendering said employer(s) vicariously liable for the fault of Captain Waite pursuant to the doctrine of *respondeat superior*.

15. At the time of the incident, the M/V VIRGINIA was shifting the ING 4805 into the starboard slip of the AMERICA.

16. At the time of the incident, a crew member of the AMERICA had handed plaintiff a mooring line that was wound onto a cable winch aboard the AMERICA.

17. While the M/V VIRGINIA and the ING 4805 were still moving ahead, plaintiff attached one mooring line from the AMERICA to a quarter-cavel on the barge and was walking down the deck of the barge in order to attach the second mooring line from the AMERICA to the other quarter-cavel on the barge when the attached mooring line snapped and struck plaintiff's lower extremities, causing him to fall off of the barge and onto a tire strapped to the side of the AMERICA.

**18.**     At the time of the incident, the crew member of the AMERICA who handed plaintiff the mooring line and the cable winch operator of the AMERICA were aboard the AMERICA acting within the course and scope of their employment for one or more of the COOPER DEFENDANTS, including specifically COOPER/T. SMITH STEVEDORING COMPANY, INC., rendering said employer(s) vicariously liable for the fault of the crew member and cable winch operator pursuant to the doctrine of *respondeat superior*.

**19.**     Despite severe orthopedic injuries and excruciating pain, plaintiff managed to crawl onto the deck of the AMERICA, and was then transferred to shore and then to the hospital.

## CAUSES OF ACTION

## COUNT I - GENERAL MARITIME NEGLIGENCE

**20.**     On information and belief, a cause of the incident and the resulting injuries suffered by plaintiff, was the negligence of one or more of the COOPER DEFENDANTS and their servants, agents or employees, either individually or concurrently, which negligence consisted of, but was not limited to, the following act, errors and/or omissions:

a.  Violations of safety statutes, including Inland Navigational Rules, designed to protect against the very harm that occurred;

b.  Failing to properly operate and/or control the M/V VIRGINIA and/or AMERICA;

c.  Operating the M/V VIRGINIA and/or AMERICA in such a manner that a mooring cable snapped, causing it to strike plaintiff;

d.  Operating the M/V VIRGINIA at an excess rate of speed;

e.  Failing to properly inspect the M/V VIRGINIA and/or AMERICA to assure that its equipment and personnel were fit for their intended purpose;

f.  Acting in a careless and negligent manner without due regard for the safety of others;

    g.    Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the M/V VIRGINIA and/or AMERICA which, if they had been so promulgated, implemented and enforced, would have averted the incident;

    h.    Negligently implementing policies and procedures to safely conduct operations;

    i.    Failing to take appropriate action to avoid or mitigate the danger associated with their operations;

    j.    Causing, allowing and/or permitting the vessel and its appurtenance to be in a dangerous, defective and hazardous condition owing to the configuration of the cross cable mooring system and/or the condition of the mooring cable causing it to snap;

    k.    Failing to ascertain that the M/V VIRGINIA and/or AMERICA were free from defects and/or in proper working order;

    l.    Failing to provide sufficient slack in the cable or to release the brakes on the cable winch;

    m.    Failing to provide mooring cables of proper size and/or strength;

    n.    Failing to provide crew who were adequately trained to perform the task at issue;

    o.    Failing to provide sufficient number of crew members to safely perform the task at issue;

    p.    Employing untrained or poorly trained employees and failing to properly train their employees;

    q.    Operating the M/V VIRGINIA and/or AMERICA with improperly untrained personnel;

    r.    Inadequate and negligent training and hiring of personnel;

    s.    Acting in a manner that justifies imposition of punitive damages; and

    t.    Such other acts, errors and omissions as will be shown at the trial of this matter.

**21.** In the event any defendants named herein should be determined not to be plaintiff's employer under the Jones Act or not to owe him the duty of seaworthiness, for whatever reason, plaintiff alleges against such defendant and/or defendants each and every allegation of negligence

contained in the Counts II and III, incorporated by reference herein, as a basis of liability for negligence under the General Maritime Law.

### COUNT II - JONES ACT NEGLIGENCE OF PLAINTIFF'S EMPLOYERS

Plaintiff repeats and realleges all of the foregoing allegations in Count I with the same force and effect as if herein set forth at length, and in addition thereto, alleges:

**22.** On information and belief, a cause of the incident and the resulting injuries suffered by plaintiff, was the negligence of one or more of the COOPER DEFENDANTS, in their capacity as plaintiff's employer and/or employer *pro hac vice,* and their servants, agents or employees, either individually or concurrently, which negligence consisted of, but was not limited to, the following acts, errors and omissions:

a. Breach of a legally imposed duty of reasonable care owed to plaintiff;

b. Failing to provide a reasonably safe place to work;

c. Failing to provide an adequate complement of employees and/or equipment to perform the tasks directed to perform;

d. Failing to provide or institute a reasonable safe means, process, or procedure to perform the tasks directed to perform;

e. Failing to provide adequate equipment to perform the tasks which plaintiff was directed to perform;

f. Creation and maintenance of an unseaworthy vessel;

g. Failing to take any means or precautions for the safety of employees or others aboard the M/V VIRGINIA and/or AMERICA; and

h. Other acts, errors or omissions which will be shown at the trial of this matter.

## COUNT III - UNSEAWORTHINESS OF THE M/V VIRGINIA

Plaintiff repeats and realleges all of the foregoing allegations in Counts I and II with the same force and effect as if herein set forth at length, and in addition thereto, alleges:

23. Pursuant to the General Maritime Law of the United States of America, one or more of the COOPER DEFENDANTS in their capacity as plaintiff's employer and/or employer *pro hac vice* and as vessel owner and/or vessel owner *pro hac vice*, had the absolute and non-delegable duty to provide plaintiff with a safe and seaworthy vessel, equipment and appurtenances, a seaworthy crew and Captain, and with a reasonably safe place to work.

24. The COOPER DEFENDANTS' vessel, M/V VIRGINIA, was unseaworthy by reason of the aforesaid facts alleged hereinabove and that the unseaworthiness of the vessel, her equipment and appurtenances, and of her crew and Captain, which were a cause of the incident and the resulting injuries sustained by plaintiff.

## DAMAGES

25. As a result of the incident sued on herein, plaintiff suffered severe and debilitating injuries to both lower extremities, including Grade 2 open left calcaneus fracture, closed nondisplaced right calcaneus fracture, and closed nondisplaced right lateral malleolus fracture, resulting in left calcaneus ORIF on April 25, 2021.

26. As a further result of the incident, and as a direct consequence of the injuries sustained thereby, plaintiff has endured, and continues to endure, negligent infliction of emotional distress, anxiety and depression, physical pain and suffering, mental anguish and emotional distress, and the loss of life's enjoyments, permanent disability, disfigurement and scarring, both past and future.

27.     As a further result of the incident, and as a direct consequence of the injuries sustained thereby, plaintiff has incurred and will continue to incur past and future medical expenses, a loss of past wages, and a loss of future earnings and income earning capacity.

28.     Plaintiff is entitled to a judgment finding defendants liable, jointly and severally, to plaintiff for all damages suffered as a result of defendants' fault and awarding plaintiff adequate compensation therefor in amounts to be determined at trial, but averred by plaintiff at this time to exceed $5,000,000.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, WILSON "COREY" TOLLETT, prays that, after due proceedings are had, there be judgment in his favor and against defendants, COOPER MANAGEMENT SERVICES, INC.; COOPER CONSOLIDATED, LLC; COOPER/T. SMITH CORPORATION; COOPER/T. SMITH MOORING CO., INC.; COOPER/T. SMITH STEVEDORING COMPANY, INC.; and PLIMSOLL MARINE, INC., jointly and severally:

   a.    For damages in an amount to be determined at trial, but not less than $5,000,000;

   b.    For pre- and post-judgment interest at the maximum rate allowed by law;

   c.    For all costs of these proceedings; and

   d.    Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

                                      Respectfully submitted by attorneys for
                                      plaintiff, Wilson "Corey" Tollett:

By: *s/Kirk A. Guidry, Sr.*
Kirk A. Guidry, Sr., La. Bar Roll #20842
B. Scott Andrews, (Lead Attorney) La. Bar Roll #24280
C. Scott Courrege, La. Bar Roll #37791
**DUÉ GUIDRY PIEDRAHITA ANDREWS L.C.**
8201 Jefferson Highway
Baton Rouge, Louisiana 70809
Tel: (225) 929-7481
Fax: (225) 924-4519
sandrews@dueguidry.com
kguidry@dueguidry.com
scourrege@dueguidry.com